IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION
FILED
JUN 05 2017
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>PAUL JOSEPH RICHTER,<br><br>Defendant/Movant. | Cause No. CR 13-023-M-DWM<br>CV 15-166-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This matter is before the Court on Defendant/Movant Richter's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

## I. Background

Richter was convicted at bench trial of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). On January 8, 2014, he was sentenced to serve 41 months in prison, to be followed by a three-year term of supervised release. Minutes (Docs. 31, 44); Judgment (Doc. 45) at 2-3.

Following an unsuccessful appeal, Richter timely filed his § 2255 motion on December 16, 2015. 28 U.S.C. § 2255(f)(1); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). On April 15, 2016, some of his claims were denied for lack of merit. Others could not be decided on the record as it existed at that time. Richter's motion for counsel was granted, and counsel Palmer Hoovestal was
1

appointed to represent him. *See* Orders (Docs. 61, 63).

On May 20, 2016, Richter filed an amended motion alleging two claims of ineffective assistance of counsel. On September 28, 2016, he submitted a third claim under the rule announced in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

The United States has filed an answer on these three claims. In addition, the parties have deposed Richter's trial counsel, Michael Donahoe. The matter is ready for decision.

## II. Claims of Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, Richter must show (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. Plea Negotiations

First, Richter claims he considered pleading guilty and asked counsel to pursue a plea agreement, but counsel did not diligently negotiate with the United States and did not present all proposed plea agreements to him. *See* Second Am. §

2255 Mot. (Doc. 73-2) at 5.

The United States introduced competent evidence negating Richter's claims. In deposition, trial counsel testified that "this was definitely . . . a case that Mr. Richter wanted tried." Donahoe Dep. (Doc. 87) at 13:16-18. Richter was not interested in pleading guilty. As a result, discussions between Richter and counsel did not go into detail with respect to advantages or specific guideline applications of pleading guilty. They focused instead on the United States' case against Richter. *See, e.g.*, 11:11-20, 13:13-20, 17:514, 21:13-16, 23:15-24:20.

Donahoe also testified that he relayed the proposed plea agreement to Richter when he received it. Donahoe Dep. at 14:23-15:10.

There is no competent evidence before the Court that Richter would have considered pleading guilty. There is no evidence that counsel received more than one proposed plea agreement or that he failed to relay any proposed agreement to Richter.

There are no outstanding questions of material fact to be resolved at an evidentiary hearing. Moreover, Richter has not moved for an evidentiary hearing. *See* Scheduling Order (Doc. 71) at 2 ¶ 3. There is no reason to believe counsel's performance was unreasonable and no reasonable probability that Richter was prejudiced by counsel. The United States is entitled to judgment. This claim is denied.

## B. Cooperation and Acceptance of Responsibility

Richter also alleges that counsel told him he would not receive a downward departure unless he gave the United States information about other criminal activity. He also alleges that counsel did not tell him he might obtain a downward adjustment under the sentencing guidelines for acceptance of responsibility if he pled guilty even without giving any information to the United States. Second Am. § 2255 Mot. at 5-6.

The United States introduced competent evidence that trial counsel did not tell Richter he would have to debrief in order to obtain credit for acceptance of responsibility. *See* Donahoe Dep. at 22:2-23:14. It also introduced competent evidence that counsel and Richter did not discuss the specifics of pleading guilty, whether with or without a plea agreement, because Richter was simply not interested in pleading guilty. *See id.* at 25:17-26:3.

On the other hand, as noted above, there is no competent evidence before the Court that Richter would have considered pleading guilty.

Again, there are no outstanding questions of material fact to be resolved at an evidentiary hearing. Richter has not moved for an evidentiary hearing. *See* Scheduling Order (Doc. 71) at 2 ¶ 3. There is no reason to believe counsel's performance was unreasonable or that Richter would, to a reasonable probability, have pled guilty had he known every permutation of credit for admitting guilt. The

4

United States is entitled to judgment. This claim is denied.

## III. *Johnson* Claim

Finally, Richter contends that he is entitled to be resentenced because his base offense level depended on the characterization of a prior conviction as a "crime of violence," and the definition of a "crime of violence" is so vague that it violates due process. *See id.* at 6-9; *see also* Presentence Report ¶ 20; U.S.S.G. § 2K2.1(a)(4)(A); *Johnson*, 135 S. Ct. at 2557.

In *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), the Supreme Court held the advisory guidelines are not subject to due process challenges on grounds of vagueness. *Id.* at 890. Richter was sentenced in January 2014, long after the guidelines became advisory in nature. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Consequently, *Beckles* precludes relief for Richter.

## IV. Motion to Seal and Motion to File and Seal Exhibits

On November 17, 2016, before the parties filed their motions, the United States filed Donahoe's entire deposition (rather than excerpts from it) and also moved for leave to file it under seal. The deposition and transcript were taken under the terms of a protective order intended to prevent disclosure of confidential information that might be used against Richter. *See Bittaker v. Woodford*, 331 F.3d 715, 728 (9th Cir. 2003) (en banc); Protective Order (Doc. 70).

Neither party, however, identifies any information in the deposition that

could be used to Richter's prejudice. Moreover, neither party attempted to meet the criteria set forth in *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).

The contents of the deposition are plainly relevant to the merits of Richter's claims. No counterbalancing rationale in favor of sealing has been articulated. *See Center for Auto Safety*, 809 F.3d at 1096-97, 1101. The motion for leave to file under seal is denied.

On December 7, 2016, with its motion for summary judgment, the United States moved for leave to file and for leave to seal the exhibits to Donahoe's deposition. The exhibits are not needed. The motion is denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Richter failed to oppose the United States' motion for summary judgment on his claims that counsel failed to attempt to negotiate a plea agreement, failed to relay plea agreements, or failed to detail the means by which Richter might receive credit at sentencing if he pled guilty. He has not made a showing of any substance that he was deprived of a constitutional right on those claims, the first and second of two in his second amended § 2255 motion.

The Court previously denied two other claims. Richter claimed that counsel should have objected to hearsay testimony at bench trial. There was no legal support for such an objection, and there is no reasonable probability Richter would have been acquitted if counsel had objected. *See* Order (Doc. 61) at 3. Richter also claimed that counsel should have asserted a right to make a closing argument at bench trial. But, again, there is no reasonable probability Richter would have been acquitted if counsel had given a closing argument. *See id.* at 4-6. On neither of these claims does Richter make a showing of any substance that he was deprived of a constitutional right.

Finally, *Beckles* holds that guidelines provisions are not subject to vagueness challenges. Richter cannot make any showing that he was deprived of a constitutional right on his *Johnson* claim under the advisory sentencing guidelines.

None of Richter's claims meets the relatively low threshold for issuance of a COA. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The United States' motions for leave to file and for leave to seal (Docs. 79, 86) are DENIED.

2. Richter's motion for judgment on Claim 3 (Doc. 81) is DENIED. The United States' motion to dismiss Claim 3 (Doc. 90) is DENIED AS MOOT.

3. The United States' motion for summary judgment (Doc. 84) is GRANTED.

4. Richter's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 57, 64, 73) are DENIED;

5. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Richter files a Notice of Appeal;

6. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-166-M are terminated and shall close the civil file by entering judgment in favor of the United States and against Richter.

DATED this 1st day of May, 2017.

Donald W. Molloy
United States District Court